Judoe Gkaham
delivered the opinion of the Court.
This is an action of replevin bjr Hooser to recover possession of one hundred bushels of wheat, in the sheaves, averred to have been wrongfully taken and detained by Hays. On the trial, the defendant filed four pleas. Uupon the first plea, not guilty, issue was taken; but to pleas numbered 2, 3, 4, the plaintiff demurred, and the Court having sustained the pleas, and the plaintiff failing to make -further replication, judgment was rendered for the defendant, on the verdict of a jury, sworn to inquire of damages. The sufficiency of these pleas to bar the plaintiff’s action, is now to be determined.
It is only necessary to notice plea No. 3, which avers that the defendant was and is seized in his demesne, as of fee, of and to the use, trust, and profits, of a certain close, (describing it,) and being so seized, the plaintiff with force and arms broke and entered into the said close, and ousted and dispossessed the defendant out of and from his said close, and tortiously took possession thereof, and sowed the same with and in wheat; and whilst the same wheat was growing on the said close of defendant, of which he was and is so seized, as aforesaid, and before the said wheat was cut and severed from the said close, defendant re-entered into the said close, as lawfully he might and had a. right to do, and was thereby in of his former right and title, and of his . old estate in the said close; and being so in, and upon the said close, he cut and severed the said wheat, so *73 sown by plaintiff and growing thereon, as lawfully he might, which said wheat so sown by plaintiff and growing on the said close of defendant, and cut and severed from the said close, by defendant, is the same wheat in plaintiff’s writ and declaration mentioned, &c.
“if a disseizor sow the ground and sever the corn and disseizee re-enter, he shall have the corn because he entereth by a former title.”
Grey and, Stites for appellant; B.Sf A. Monroe and J. 4* W- R. Harlan for appellee,
This plea avers title in fee in the defendant, possession and use by him, that the plaintiff tortiously entered and forcibly dispossessed him, sowed the ground with wheat, and afterwards the defendant re-entered. It is said: “If a a disseizor sow the ground and sever the corn, and the disseizee re-enter, he shall have the corn, because he entereth in by a former title, and severance or removing of the corn altereth not the case, for the regress is a continuation of the freehold in him, in judgment of law, from the beginning: (1 Coke inst. sec. 68. 55 b.
The plea presents a state of iacts, which, if true, (as they are on demurrer taken to be,) shows that the defendant was the owner in fee of the land on which the wheat grew, and that after disseizen he had re-entered, and was in the actual and lawful possession of the land and of the wheat, as his own property, and was entitled to the possession thereof. If these things are so, then the plaintiff had not right to the immediate possession of the wheat, and could not maintain the writ of replevin: (3 Stat. Law, 503, 4 J. J. Mar. 255, 10 S. & R. 114.
The third plea seems to be a good bar to plaintiff’s action. The demurrer to it was properly overruled, and the plaintiff having abided by his demurrer, the Court did not err in giving judgment for defendant.
The judgment of the Circuit Court is therefore affirmed.